IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

SUZANNE LYNN ARMSTRONG,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C12-24-LRR
No. CR11-60-LRR

**ORDER**

_____

    This matter appears before the court on Suzanne Lynn Armstrong's (the "movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion") (civil docket no. 1). The movant filed the motion on February 16, 2012. On February 28, 2013, the court, among other things, directed the government to brief the claims that the movant included in the motion. *See* February 28, 2013 Order (civil docket no. 3). On March 26, 2013, the movant's counsel filed an affidavit (civil docket no. 4). On April 25, 2013, the government filed a resistance to the motion (civil docket no. 5). The movant did not file a reply. The court now turns to consider the movant's motion.[1]

    A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d

---

[1] In the motion, the movant asserts that she was denied effective assistance of counsel because counsel: (1) failed to file a timely notice of appeal; (2) failed to challenge drug quantity or purity at sentencing; (3) underestimated the sentencing range that the movant faced; and (4) had previously been convicted of two drug crimes, including a felony drug charge.

1

343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims, other than her claim that counsel was ineffective for failing to file a notice of appeal, from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought in each claim, other than her claim that counsel was ineffective because he failed to file a notice of appeal. Specifically, it indicates that the movant's assertions in each claim, other than her claim regarding counsel's failure to file a notice of appeal, fail because counsel represented the

movant in a manner that comports with the requirements of the Sixth Amendment. As such, the court finds that there is only a need to conduct an evidentiary hearing on the movant's claim that counsel was ineffective due to his failure to file a notice of appeal and the court shall reserve ruling as to that claim until after it holds the evidentiary hearing.

With respect to the merits of the movant's other claims, the court deems it appropriate to deny the motion for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that the movant's ineffective assistance of counsel claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that dismissing the majority of the movant's claims comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The movant's claims do not justify relief.

The court concludes that the movant knowingly and voluntarily pleaded guilty pursuant to an agreement that she and the government entered into in May of 2011. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on a conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'" (quoting *United States v. Vaughan*, 13 F.3d 1186, 1188 (8th Cir. 1994))); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making

3

Case 1:12-cv-00024-LRR   Document 9   Filed 10/21/13   Page 3 of 7

clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). Further, the court appropriately sentenced the movant. The court's application of the advisory sentencing guidelines violates no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)); *United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir. 2006) (finding challenges based on the Fifth Amendment and the Sixth Amendment to be unavailing because sentence-enhancing facts need only be found by a preponderance of the evidence and uncharged relevant conduct may be considered so long as the sentence does not exceed the statutory maximum for the offense).

In addition, the court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Thus, the movant has failed to establish an ineffective assistance of counsel claim. *See id*. at 687 (holding that, to establish an ineffective assistance of counsel claim, the movant must first "show that counsel's performance was deficient" and then "show that the deficient performance prejudiced the defense"); *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) ("To establish ineffective assistance of counsel[, the movant] must demonstrate: (1) [her] attorney's performance was deficient . . . and (2) [s]he suffered prejudice by showing that, absent counsel's ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different.").

In the motion, the movant makes several specific claims to support her contention that the court should vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. First, the movant claims that counsel was ineffective for failing to file a notice of direct appeal. To be entitled to relief for failure to file an appeal, the movant "must have made

4

'manifest' her desire to appeal by expressly instructing her attorney to appeal." *Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir. 2012) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). Here, the movant alleges that she told counsel to file an appeal and he failed to do so. However, counsel states in his affidavit that, once he informed the movant that the court's "decision not to vary [downward] was essentially unreviewable on appeal[,] [the movant] instructed [him] not to file the appeal." Affidavit at 3. Given their conflating statements, the court finds that it is necessary to hold a hearing as to this claim and shall reserve ruling on it. *See Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989).

Second, the movant argues that counsel was ineffective because he failed to challenge drug quantity and purity. With respect to drug purity, the court finds that the movant's argument is without merit because purity was not at issue at sentencing, as the movant pleaded guilty to possession of pseudoephedrine, knowing or with reasonable cause to believe it would be used to manufacture methamphetamine. Thus, there is no colorable argument that counsel could have made with respect to drug purity. With respect to drug quantity, the movant signed a plea agreement stipulating to possession of "at least 400 grams of pseudoephedrine." Plea Agreement (criminal docket no. 26) at 3 (emphasis omitted). Thus, because the movant stipulated to drug quantity, counsel had no basis to challenge drug quantity at sentencing. The record indicates that the movant understood the nature of the plea agreement. *See id.* at 1-2. Furthermore, the movant must satisfy the two-part *Strickland* test to successfully challenge the voluntariness of a guilty plea by alleging ineffective assistance of counsel. *Hill*, 474 U.S. at 56-58. The movant has failed to prove either deficient performance or prejudice. In his affidavit, counsel asserts that he calculated the relevant drug quantity attributable to the movant as 429.84 grams. Affidavit at 3. In its resistance, the government claims that it calculated the same drug quantity. Thus, because the movant stipulated to a drug quantity in line with that which counsel

calculated as appropriate, the movant has failed to show that counsel's "advice '[fell outside] the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Additionally, the movant has not shown that she would have insisted on going to trial or that her sentence would have been different had counsel objected to drug quantity and, thus, the movant has failed to show prejudice as to this claim. Accordingly, the court finds that this claim is without merit.

Third, the movant argues that counsel was ineffective because he underestimated the movant's sentencing range. However, in his affidavit, counsel asserts that the guideline range that he discussed with the movant was consistent with that provided for in the movant's Presentence Investigation Report. The court finds counsel to be credible. Furthermore, the movant has failed to show prejudice as to this claim because she has not established that there is a reasonable probability that, but for counsel's allegedly deficient performance, she would not have pleaded guilty but instead would have gone to trial. *See Hill*, 474 U.S. at 59. Accordingly, the court finds that this claim is without merit.

Fourth, the movant argues that counsel was ineffective because he has had drug convictions himself. The movant presents no argument regarding how counsel's drug convictions resulted in him providing her with inadequate assistance or how it prejudiced her. *See Strickland*, 466 U.S. at 687. In light of the record, the court finds that this claim is without merit. *See Fowler v. Parratt*, 682 F.2d 746, 750 (8th Cir. 1982) (holding that, where counsel suffers from substance abuse, a movant must still show prejudice to establish ineffective assistance of counsel).

In sum, all of the alleged errors, except the failure to file a notice of appeal claim as to which the court has reserved ruling, do not warrant relief under 28 U.S.C. § 2255. The majority of the movant's claims are without merit. Accordingly, they shall be dismissed. With respect to the remaining failure to file a notice of appeal claim, the court

6

Case 1:12-cv-00024-LRR   Document 9   Filed 10/21/13   Page 6 of 7

deems it appropriate to conduct an evidentiary hearing.[2]

**IT IS THEREFORE ORDERED**:

(1) Except for the failure to file a notice of appeal claim, the movant's claims are dismissed.

(2) A hearing is scheduled to commence at **10:30 a.m. central time** on **Tuesday, November 19, 2013**. The sole issue at the hearing will be the movant's failure to file a notice of appeal claim. The movant is directed to participate in the hearing via telephone. Additionally, the clerk's office is directed to appoint CJA counsel to represent the movant. Appointed counsel is directed to notify the court of the name of the movant's counselor and the telephone number where he or she can be reached at least five days prior to the evidentiary hearing. The clerk's office is directed to send a copy of this order to the movant.

**DATED** this 21st day of October, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] Before proceeding with her failure to file a notice of appeal claim, the movant should fully discuss with appointed counsel the record and the fact that she will be required to testify under oath.